**UNITED STATES BANKRUPTCY COURT**

**FOR THE**

**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In the Matter of:<br><br>Beverly Jean Young<br><br><br>Debtor(s) | Chapter 13<br><br>Case No.  24-11871-KHK |

# ORDER CONFIRMING PLAN

The Chapter 13 Plan (the "**Plan**") filed by the debtor (s) on February 3, 2025, replacing all previously filed plans, if any, having been transmitted to all creditors; and it having been determined that the Plan meets each of the requirements of 11 U.S.C. § 1325(a);

**It is ORDERED that:**

(1) The Plan as filed or modified is CONFIRMED.

(2) The debtor(s) shall obtain Court approval of the following transactions, upon a motion that provides notice to the Chapter 13 Trustee and all necessary parties and discloses completely the transaction's proposed terms:

   a) the voluntary incurrence of new debt, whether secured or unsecured, that causes the debtor's(s') total principal amount borrowed post-petition to exceed $15,000 at any point in time;
   b) the transfer or sale of real or personal property with a value that exceeds $15,000;
   c) the refinance or modification of a loan secured by real or personal property, and
   d) the encumbrance of real or personal property.

(3) The debtor(s) shall disclose the acquisition of real or personal property with a value that exceeds $15,000.

(4) All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such

**Order Confirming Plan**
Beverly Jean Young
**Case #24-11871-KHK**

        disbursement would be de minimis, in which case the funds may be disbursed to the Debtor(s) or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee.

        All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal shall be refunded to the Debtor(s) at their address of record.

        All undisbursed funds on deposit with the Chapter 13 Trustee on or after the date of an order of conversion shall be disbursed to the Debtor.

(5)     The holder of each secured claim provided for in paragraphs 4A or 4D of the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under nonbankruptcy law or (ii) discharge under § 1328 or (iii) such lien is otherwise avoided by separate Court order entered in this case or associated adversary proceeding. If this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.

(6)     The Debtor(s) shall provide copies of tax returns to the Chapter 13 Trustee upon request.

(7)     In any chapter 13 case (1) that involves any claim that is secured by a security interest in the debtor's principal residence for which the plan provides that either the trustee or debtor will make contractual installment payments and (2) where there is no order terminating or annulling the automatic stay related to such claim, the debtor(s) shall file, within 30 days of completion of the plan payments due under the terms of any confirmed plan, a certification (in addition to the certification required under LBR 4008-2(A)) as to whether all contractual installment payments due during the life of the case have been made. If the debtor fails to timely file a certification, or if the debtor's certification states that not all contractual installment payments were made during the Chapter 13 case, the standing trustee shall file a motion to dismiss without a discharge.

(8)     Other Provisions.

        None.

Dated: May 16 2025

/s/ Klinette H Kindred
Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: May 16 2025

**Order Confirming Plan**
Beverly Jean Young
**Case #24-11871-KHK**

Confirmation Recommended.

_/s/ Thomas P. Gorman_____
Thomas P. Gorman
Chapter 13 Trustee
1414 Prince Street, Suite 202
Alexandria, VA 22314
(703) 836-2226

**Order Confirming Plan**
Beverly Jean Young
**Case #24-11871-KHK**

Local Rule 9022-1(C) Certification

The foregoing Order was signed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/ Thomas P. Gorman
Thomas P. Gorman, Chapter 13 Trustee

**PARTIES TO RECEIVE COPIES**

Beverly Jean Young
Chapter 13 Debtor
1739 Quietree Dr
Reston, VA 20194

Daniel M. Press, Esquire
Attorney for Debtor
Chung & Press, P.C.
6718 Whittier Ave. Ste. 200
McLean, VA 22101

Thomas P. Gorman
Chapter 13 Trustee
1414 Prince Street, Suite 202
Alexandria, VA  22314