**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:   BEVERLY JEAN YOUNG,                                           CASE NO. 24-11871-KHK

                        Debtor,                                               CHAPTER 13


VIRGINIA HOUSING DEVELOPMENT AUTHORITY,

                        Movant,
vs.

BEVERLY JEAN YOUNG,
and
THOMAS P. GORMAN, TRUSTEE,

                        Respondents.

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter was before the court on the motion of VIRGINIA HOUSING

DEVELOPMENT AUTHORITY, for relief from the automatic stay with respect to the real

property located at **1739 Quietree Drive, Reston, Virginia 20194** and more particularly

described as follows:

> Lot One Hundred Forty-One (141), Block One-B (1-B), Section Forty-One (341),
> "RESTON", as the same appear duly dedicated, platted and recorded in Deed
> Book 5264 at Page 871, among the land records of Fairfax County, Virginia.


**James A. Evans (VSB #04441)**
**JAMES A. EVANS, ATTORNEY AT LAW, PLC**
**Counsel for Movant**
**2101 Parks Avenue, Suite 301**
**Virginia Beach, Virginia 23451**
**757-437-9500**
**james.evans@vblawyers.com**

Upon consideration of which, it is

**ORDERED:**

1.  The Debtor will resume making regular monthly installment payments in the amount of $2,947.34 as they become due commencing on October, 2025.  Late payments will include applicable late charges in the amount of $0.

2.  The Debtor will cure the post-petition arrearage currently due to the Movant through September 30, 2025, in the total amount of $10,212.17, which includes late payments, filing fees and attorney's fees for this instant motion, by making the following payments:

   a.  $ 1,134.69 – on or before October 15, 2025,
   b.  $ 1,134.69 – on or before November 15, 2025,
   c.  $ 1,134.69 – on or before December 15, 2025,
   d.  $ 1,134.69 – on or before January 15, 2026,
   e.  $ 1,134.69 – on or before February 15, 2026,
   f.  $ 1,134.69 – on or before March 15, 2026,
   g.  $ 1,134.69 – on or before April 15, 2026,
   h.  $ 1,134.69 – on or before May 15, 2026, and,
   i.  $ 1,134.65 – on or before June 15, 2026

3.  In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtors by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtors' counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtors. The notice of default will state in simple and plain language:

   (a)   That the Debtor is in default in making at least one payment required under this order;
   (b)   The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   (c)   The action necessary to cure the default, including any address to which payments must be mailed;
   (d)   That the Debtos or trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the notice of default:

      i.    cure the default;

     ii.    file an objection with the court stating that no default exists; or

   iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

(e)    That if the Debtor or trustee do not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtor; and

(f)    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.   The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.   Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorney's fees in the amount of $100.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Alexandria, Virginia

__Oct 1 2025__ , 2025

/s/ Klinette H Kindred

United States Bankruptcy Judge

**WE ASK FOR THIS:**

Entered On Docket: Oct 1 2025

_____/s/  Daniel M. Press by James A. Evans with permission given via email on 9/26/2025_____
Daniel M. Press, Esquire
Counsel for Debtor
6718 Whittier Ave,. Suite 200
McLean, Virginia 22101
(703) 734-3800

_____/s/ James A. Evans_____
James A. Evans, Esq.  (VSB #04441)
Counsel for Movant
2101 Parks Avenue, Suite 301
Virginia Beach, Virginia 23451-4183
(757) 437-9500

**SEEN:**

_____/s/ Thomas P. Gorman by James A. Evans with permission given via email on 9/26/2025_
Thomas P. Gorman, Trustee
1414 Prince Street, Suite 202
Alexandria, Virginia 22314
(703) 836-2226

<u>**CERTIFICATION**</u>

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

_____/s/ James A. Evans_____
Attorney for Movant

<u>**Local Rule 9022-1(C) Certification**</u>

The foregoing Consent Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

_____/s/ James A. Evans_____
James A. Evans (VSB #04441)

**James A. Evans (VSB #04441)**
**JAMES A. EVANS, ATTORNEY AT LAW, PLC**
**Counsel for Movant**
**2101 Parks Avenue, Suite 301**
**Virginia Beach, Virginia 23451**
**757-437-9500**
**james.evans@vblawyers.com**

5

**PARTIES TO RECEIVE COPIES:**

James A. Evans, Esquire
2101 Parks Avenue, Suite 301
Virginia Beach, Virginia 23451-4183

Daniel M. Press, Esquire
6718 Whittier Ave,. Suite 200
McLean, Virginia 22101

Beverly Jean Young
1739 Quietree Drive
Reston, Virginia 20194

Thomas P. Gorman, Trustee
1414 Prince Street, Suite 202
Alexandria, Virginia 22314