| FHA Case No. |
|---|
| 8794 |

# SUBORDINATE NOTE

**Date:**  June 18, 2026

**Property Address:**  1739 Quietree Drive, Reston, Virginia 20194 (the "Property")

## 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY

In return for a loan received by Lender, Borrower promises to pay the principal sum of Eighty-Two Thousand Eight Hundred Ninety-Six and 28/100 Dollars **(U.S. $82,896.28)**, to the order of Lender.

## 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a deed of trust that is dated the same date as this Note and called the "Security Instrument."  The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT

### (A)  Time

On August 01, 2051, or, if earlier, when the first of the following events occurs:

(i)   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)   The maturity date of the primary Note has been accelerated, or

(iii)   The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

### (B)  Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

Initials _____  _____

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATION OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

Initials _____  _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.


_____                    _____
Date                                        Beverly Young



STATE OF VIRGINIA

CITY/COUNTY OF _____, to-wit:

The foregoing instrument was acknowledged before me this _____ day of _____, 2026, by Beverly Young.


                                            _____
                                            Notary Public

My commission expires:
My Notary Registration No.:
(SEAL)

Prepared by and after recording returned to:
Glasser and Glasser, P.L.C.
Erin C. Quinn, Esq. VSB# 73340
Crown Center, Suite 600
580 E. Main Street
Norfolk, VA 23510-2212

> FHA Case No.
> 8794

# <u>SUBORDINATE DEED OF TRUST</u>

**THIS SUBORDINATE DEED OF TRUST** ("Security Instrument") is made as of this 18th day of June, 2026. The grantor is **BEVERLY <u>YOUNG</u>**, whose address is 1739 Quietree Drive, Reston, VA 20194 ("Borrower").  The trustee is **<u>ATLANTIC TRUSTEE SERVICES, L.L.C.</u>**, a Virginia limited liability company, whose address is Crown Center, Suite 600, 580 E. Main Street, Norfolk, Virginia 23510 ("Trustee").

The beneficiary is the **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**, 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of EIGHTY-TWO THOUSAND EIGHT HUNDRED NINETY-SIX AND 28/100 Dollars **(U.S. $82,896.28)**. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on August 01, 2051.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with the power of sale, the following described property located in the County of Fairfax, Virginia:

> **Lot One Hundred Forty-One (141), Block One-B (1-B), Section Forty-One (41), "RESTON", as the same appears duly dedicated, platted and recorded in Deed Book 6264 at Page 871, among the land records of Fairfax County, Virginia.**

which has the address of: **1739 Quietree Drive, Reston, Virginia 20194** (herein "Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

Parcel ID No.:  017 1 091B0141　　　　　Page 1 of 5　　　　　Initials_____  _____
Consideration:  $82,896.28

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:

**1. Payment of Principal**. Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers**. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices**. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability**. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision

Initials _____  _____

or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS.   Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.**  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument.  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If lender invokes the power of sale, Lender or Trustee shall give to Borrower (and owner of the Property, if a different person) and all other persons, notice of sale in the manner prescribed by applicable law.  Trustee shall give public notice of sale by advertising in accordance with applicable law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located, and by such additional or any different form of advertisement the Trustee deems advisable.  Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement.  Trustee without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of the sale in one or more parcels and in any order Trustee determines.  Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with applicable law.  Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property with special warranty of title.  The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in the following order: (a) to discharge the expenses of executing the sale, including a reasonable commission to the Trustee; (b) to discharge all taxes, levies, and assessments, with costs and interest if these costs have priority over the lien of this Security Instrument, including the due pro rata thereof for the current year; (c) to discharge in the order of their priority, if any, the remaining debts and

obligations secured by this Security Instrument, and any liens of record inferior to this Security Instrument under which sale is made, with lawful interest; and, (d) the residue of the proceeds shall be paid to Borrower or Borrower's assigns.  Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at the sale.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act.  Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.

**8. Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to release this Security Instrument and shall surrender all notes evidencing debt secured by this Security Instrument to Trustee.  Trustee shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**9. Substitute Trustee.**  Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

NOTICE: THE DEBT SECURED HEREBY IS THE SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

Initials _____  _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____          _____
Date                                        Beverly Young

STATE OF VIRGINIA

CITY/COUNTY OF _____, to-wit:

The foregoing instrument was acknowledged before me this _____ day of _____, 2026, by Beverly Young.

_____
Notary Public

My commission expires:
My Notary Registration No.:
(SEAL)